# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2026

*The Court of Appeals hereby passes the following order:*

**A27A0097. TONY L. WARE v. FIDELITY ACCEPTANCE CORPORATION.**

After plaintiff Tony Ware obtained a default judgment against the defendants in this civil action, they filed motions to set aside the judgment, which appear to remain pending below. See *Ware v. Fid. Acceptance Corp.*, Case No. A19A2118 (June 12, 2019). In April 2026, we dismissed as interlocutory Ware's direct appeal from a January 2026 trial court order that corrected a clerical error and set forth a briefing schedule to address outstanding issues, including the motions to set aside. *Ware v. Fid. Acceptance Corp.*, Case No. A26A1494 (Apr. 6, 2026). Consequently, on June 18, 2026, the trial court entered an order updating its prior briefing schedule to address the still-outstanding issues. And on June 24, 2026, it entered an order that made our April 2026 judgment the judgment of the trial court. Ware then filed a notice of appeal, seeking review of both June 2026 trial court orders.[1] We again lack jurisdiction.

Under OCGA § 5-6-34(a)(1)(B), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Because nothing about the procedural posture of this case has changed since Ware's prior interlocutory appeal in Case No. A26A1494, he again was required to follow the interlocutory appeal procedures — including obtaining a certificate of

---

[1] Ware also filed an application for discretionary review of the same two trial court orders. The application has been docketed in this Court as Case No. A26D0662 and will be addressed by separate order.

immediate review from the trial court — to appeal the orders at issue here. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).

We find no merit in Ware's claim in his notice of appeal that the June 2026 orders are directly appealable under OCGA § 5-6-34(a)(4) — which authorizes direct appeals from "judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions" — as neither June 2026 order granted or denied any such relief. We likewise find no merit in Ware's additional claim in his notice of appeal that a direct appeal is authorized here under OCGA §§ 9-11-60 and 9-12-16 — because, Ware claims, the June 2026 orders are "void on their faces" — as neither statute governs appellate jurisdiction.

Consequently, Ware's failure to comply with the interlocutory appeal requirements deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/05/2026*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*